NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3031
_____

UNITED STATES OF AMERICA

v.

RAYMOND HOLMES,
also known as Anthony Holmes,

Raymond Holmes,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cr-00326-002)
District Judge: Honorable Paul S. Diamond

_____

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2015

Before:  McKEE, *Chief Judge*, HARDIMAN and SCIRICA, *Circuit Judges*.

(Filed: January 29, 2015)

_____

OPINION[*]

_____

_____

   [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Raymond Holmes appeals his judgment of sentence after pleading guilty to four crimes. We will affirm.

I

From at least 2008 to 2012, Holmes worked with co-conspirators to use third parties' identification information to file fraudulent tax returns seeking undeserved refunds. Holmes provided identification information to one co-conspirator, who filed the returns and paid Holmes a fee when those returns were received. Holmes also maintained several bank accounts into which the funds were deposited. In June 2013, he was indicted and charged with eight counts related to the scheme. Two months later, he pleaded guilty to four counts: (1) conspiracy to defraud the government by making false claims, in violation of 18 U.S.C. § 286; (2) making false claims, in violation of 18 U.S.C. § 287; (3) theft of government property, in violation of 18 U.S.C. § 641; and (4) aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and (c)(1).

Prior to sentencing, the Probation Office determined that Holmes's base offense level under United States Sentencing Guidelines (USSG) §§ 2T1.1 and 2T4.1 was 20. After reducing that base level by three for acceptance of responsibility, it arrived at a total offense level of 17. The Probation Office also determined that Holmes had 10 prior convictions. Four of those convictions are relevant to this appeal: (1) theft by deception, for which he was arrested in January 1996, sentenced to probation in February 1998, and sentenced to

2

imprisonment after his probation was revoked on January 31, 2003; (2) conspiracy to distribute cocaine, for which he was arrested in January 1998 and sentenced to imprisonment on January 31, 2003; (3) theft by deception, for which he was sentenced to five years' imprisonment in December 2006 and paroled in December 2007; and (4) forgery, for which he was sentenced to time served to 23 months' imprisonment in November 2004 but was immediately paroled with two years of probation. The Probation Office assigned Holmes three criminal history points for each of those four convictions, one point for a conviction not at issue on appeal, and two points because Holmes committed the offenses in this case while on parole for the second theft by deception conviction. His total criminal history score therefore came to 15, placing him in criminal history category VI. Based on his offense level, his criminal history category, and an additional 24 consecutive months for the aggravated identity theft count under 18 U.S.C. § 1028A, Holmes's Guidelines range was 75–87 months' imprisonment.

Holmes objected to his criminal history calculation on several grounds, two of which are relevant on appeal. First, he argued that, under USSG § 4A1.2(a)(2), the Probation Office should not have assigned him six points for his first theft by deception conviction and his cocaine conspiracy conviction because he was sentenced on the same day for those counts. Second, he argued that he was not on parole when he committed the offenses in this case and thus should not have received two points for that reason. The District Court rejected Holmes's arguments and sentenced him to 87 months in prison, the top of the

3

Guidelines range. After sentencing, Holmes filed a motion under Federal Rule of Criminal Procedure 35(a) seeking correction of his sentence, contending that the Court had erred by assigning three criminal history points for his forgery conviction because his sentence was "suspended" under USSG § 4A1.2(b)(2). The District Court denied his motion, and Holmes filed this appeal.

## II[1]

Holmes first contends that he should not have received three points for the cocaine conspiracy and an additional three points for the first theft by deception offense because he was sentenced for both on the same day. This is plainly incorrect based on the text of USSG § 4A1.2(a)(2):

> Prior sentences always are counted separately if the sentences were imposed for offenses that were *separated by an intervening arrest* (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless . . . (B) the sentences were imposed on the same day.

(emphasis added).

Regardless of whether Holmes was sentenced for both convictions on the same day,

---

[1] We have jurisdiction over this appeal under 28 U.S.C. § 1291, and we review Holmes's sentence pursuant to 18 U.S.C. § 3742(a). "We review the District Court's factual findings relevant to the Guidelines for clear error and exercise plenary review over the District Court's interpretation of the Guidelines." *United States v. West*, 643 F.3d 102, 105 (3d Cir. 2011) (citations omitted). An argument not raised at sentencing is reviewed for plain error. *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006).

the two offenses were separated by an intervening arrest. Holmes was arrested for the first theft by deception offense in January 1996 and for the cocaine conspiracy in January 1998. Under § 4A1.2(a)(2), sentences for offenses separated by an intervening arrest are always counted separately in calculating criminal history. Thus, the District Court did not err in this regard.

Holmes's argument that he should not have received two additional points under USSG § 4A1.1(d) for committing the subject offenses while on parole is similarly weak. He was sentenced to five years' imprisonment for the second theft-by-deception conviction in December 2006 and was paroled in December 2007. He affirmed at his change-of-plea hearing that he entered the tax fraud conspiracy "no later than 2008." App. 111, 114. At his sentencing hearing, the Probation Office informed the Court that Holmes's parole lasted for the remainder of his five-year sentence of imprisonment, or until late 2011. And although Holmes told the Court that his parole ended in 2008, he offered no evidence to corroborate that assertion. Because Holmes offered no evidence that his parole ended earlier than 2011, the District Court's factual finding that he joined the conspiracy while on parole was not clear error, and it appropriately assigned him an additional two criminal history points.

Holmes's third argument—that his immediate parole following his forgery conviction meant that his sentence was actually suspended under USSG § 4A1.2(b)(2)—is

subject to plain error review because he failed to raise it at the sentencing hearing.[2] Even if it were not, though, it would fail because it does not meet the less onerous requirement of showing a "clear error." Fed. R. Crim. P. 35(a). His argument boils down to this: the term "suspended sentence" was not in use in Pennsylvania in 2004 (when he was sentenced for his forgery conviction). Immediate parole is the functional equivalent of a suspended sentence. Thus, he contends, we should hold that his sentence was actually suspended, despite no court ever so declaring. The problem for Holmes is that he can point to no binding precedent that supports his argument; the best he can muster is a convoluted weaving of tangentially related Pennsylvania Superior Court authority. And his reliance on those cases falls far short of showing a clear error in the District Court's decision.

## III

Because the District Court did not err in its calculation of Holmes's criminal history under the Guidelines, we will affirm its judgment of sentence.

---

[2] Holmes baldly states in his brief that this issue was preserved at the sentencing hearing. However, he cites only to a point in the transcript of that hearing that does not relate to this argument in any way. And our independent review of the record leads us to conclude that Holmes first raised this argument in his Rule 35 motion, which he submitted after the sentencing hearing.